# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

GARY W. WALTERS,          )
                                   )
        Plaintiff,     )
                                   )
     vs.              )     No. 4:09CV599-DJS
                                   )
KONE INC.,              )
                                 )
        Defendant.    )

## ORDER

Now before the Court is defendant Kone, Inc.'s motion for partial summary judgment [Doc. #21] directed to Count II of plaintiff Gary W. Walters' complaint. This matter has been fully briefed and is ready for disposition.

## Background

Plaintiff filed this personal-injury action on April 17, 2009. Plaintiff alleges that, on August 4, 2004, he was working for May Company at the West County Shopping Center in St. Louis County, Missouri as a visual merchandising manager. He alleges that he entered a freight elevator that was designed, manufactured, installed, and maintained by defendant. He alleges that, after he entered the elevator, it suddenly dropped, causing him to be jolted. Plaintiff alleges that he suffered serious injuries, including a herniated spinal disc. Plaintiff's complaint is divided into two counts, alleging negligence in the first count and punitive damages in the second. After a period of discovery,

defendants have filed for summary judgment on plaintiff's count
seeking punitive damages.

## Standard of Review

In considering a motion for summary judgment, the Court
will "view all of the evidence in the light most favorable to the
nonmoving party and [will] give that party the benefit of all
reasonable inferences to be drawn from the facts disclosed in the
pleadings." Reich v. ConAgra, Inc., 987 F.2d 1357, 1359 (8th Cir.
1993). "Summary judgment is appropriate if there is no genuine
issue of material fact and the moving party is entitled to judgment
as a matter of law." Id. "Where the unresolved issues are
primarily legal rather than factual, summary judgment is
particularly appropriate." Mansker v. TMG Life Ins. Co., 54 F.3d
1322, 1326 (8th Cir. 1995).

## Facts

The freight elevator at issue was installed between
January and December 2001. The elevator became stuck at least five
times between its installation and plaintiff's injury. Defendant
had established a usage-based preventive maintenance program that
was in effect during that time. The program required defendant to
perform various maintenance tasks on the elevator on a monthly
basis, and in three-month intervals. Between January 30, 2004, and
August 4, 2004, defendant made only two scheduled preventive
maintenance visits to the elevator and performed only 2.25 hours of

scheduled preventive maintenance on the elevator, which failed to comport with its own usage-based preventive maintenance program.

In July 2003, defendant adjusted the elevator's oil control valve because the elevator was accelerating downwards too rapidly and going upwards too slowly. No adjustments were made to the oil control valve in 2004 prior to plaintiff's incident.

On June 23, 2004, the elevator became stuck on a lower level. Defendant's repairman responded to a service call and noted that the gate chain rod needed to be replaced for gate chain adjustment. On July 8, 2004, two individuals were trapped in the elevator when it became stuck between two floors. Defendant's technician who responded noted that he checked the "doors, pick-ups, locks, gates." Doc. #25, p. 8. He did not replace the gate chain rod, as was found to be necessary on June 23, 2004. On July 14, 2004, plaintiff's employer called defendant to report that the elevator was moving slowly, shaking, and needed oil. Defendant's technicians responded to the call and performed unspecified services on the elevator.

On August 4, 2004, plaintiff was working for May Company at West County Shopping Center in St. Louis County, Missouri. On that day, plaintiff entered the freight elevator on the third floor of his workplace. Once inside, plaintiff pushed the button for the first floor, the doors closed, and suddenly, the elevator dropped one and a half to two feet. The elevator then came to a sudden stop, bouncing several times before it came to rest. The jarring

motion caused the elevator's ceiling to bow and to cast off dust and dirt. Plaintiff and another passenger were trapped in the elevator until defendant's employees arrived and were able to open the elevator. Defendant's technician determined that the cause of the problem was that the gate switch needed to be adjusted. Immediately after the incident, defendant replaced the elevator's gate chain rod. Defendant did not adjust the oil control valve in the summer months of 2004 as it had in 2003.

Plaintiff had used the elevator frequently and ridden it hundreds of times previously without incident. Prior to his accident, plaintiff did not know of anyone who had been stuck in the elevator. He also had not heard of the elevator going into free fall, dropping, bouncing, or making noises. On the day of the incident, plaintiff had been in the elevator twice and did not notice any problems with it.

Plaintiff's expert opines that the adjustment to the oil control valve in July 2003, was necessary because the oil temperature increased when exterior temperatures increased, causing the oil viscosity to change in the non-buried elevator cylinders. He opines that a change in viscosity causes an elevator to accelerate downwards faster than normal. Plaintiff's expert opines that the elevator dropped in plaintiff's incident as a result of a change in oil viscosity in one of the elevator's parts due to high summer temperatures and a malfunction of the elevator's gate chain rod and gate switch. He also opines that it is widely known

throughout the elevator industry that defective equipment conditions will cause or contribute to serious personal injury to passengers.

## Discussion

In its instant motion, defendant moves the Court for summary judgment on Count II, which seeks punitive damages. Defendant asserts that plaintiff will be unable to present any evidence that defendant consciously disregarded plaintiff's safety. Plaintiff opposes defendant's motion, arguing that a genuine issue of material fact exists as to whether defendant had reason to know that there was a high degree of probability that its action would result in injury to passengers of the elevator.

This case is before the Court under diversity jurisdiction. Federal courts sitting in diversity apply the substantive law of the forum state. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941); Birnstill v. Home Sav. of Am., 907 F.2d 795, 797 (8th Cir. 1990). The parties apply Missouri law in their briefs, and neither argues for the application of a different state's law. Accordingly, the Court will apply the law of Missouri, the forum state of this Court.

Under Missouri law, punitive damages can be awarded where liability is based upon negligence, but only under limited circumstances. Sharp v. Robberson, 495 S.W.2d 394, 397 (Mo. 1973)(en banc). An award of punitive damages is permissible in a

negligence action only when the defendant knew or had reason to know that there was a high degree of probability that his action or inaction would result in injury. <u>Hoover's Dairy, Inc. v. Mid-America Dairymen, Inc.</u>, 700 S.W.2d 426, 436 (Mo. 1985)(en banc). "Poor workmanship that does not pose an <u>immediate</u> danger to the safety of others does not justify awarding punitive damages." <u>Id.</u> A defendant's actual or constructive knowledge that injury could occur if he was negligent does not supply the knowing violation of the defendant's duty that is necessary to support punitive damages. <u>Id.</u> Thus, in order to recover punitive damages, plaintiff must show: "(1) defendant knew or should have known, based on the surrounding circumstances that its conduct created a high degree of probability of injury, and (2) defendant showed complete indifference to, or conscious or reckless disregard for, the safety of others." <u>Litchfield v. May Dept. Stores</u>, 845 S.W.2d 596, 599 (Mo. Ct. App. 1992).

In this case, defendant has not established a right to judgment as a matter of law with respect to the issue of punitive damages. Given the evidence presented by the parties and viewing that evidence in the light most favorable to plaintiff, it remains a disputed issue as to whether defendant's conduct in repairing and maintaining the elevator created a high degree of probability of injury to a passenger of the elevator. The record contains conflicting evidence as to how safe the elevator was prior to the incident. Defendant does not dispute that a problem existed with

a gate chain rod but suggests that the worst that could happen to the elevator given its condition was that it would not run. Plaintiff's evidence, on the other hand, suggests that the problem with the gate chain rod and gate switch could cause the elevator to free fall, when occurring in combination with the change in oil viscosity. A disputed issue also remains as to whether defendant knew or should have known of that high degree of probability of injury, assuming plaintiff establishes that a high degree of probability of injury existed. Finally, a disputed issue remains as to whether defendant's actions indicate a conscious or reckless disregard for plaintiff's safety.

### Conclusion

Upon the facts presented, defendant has not established a right to judgment as a matter of law with respect to the issue of punitive damages. Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for partial summary judgment directed to Count II of plaintiff's complaint [Doc. #21] is denied.

Dated this   25th   day of August, 2010.

        /s/ Donald J. Stohr
UNITED STATES DISTRICT JUDGE